

2004 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

5-19-2004

# Camden Fire Ins v. KML Sales Inc

Precedential or Non-Precedential: Non-Precedential

Docket No. 02-4114

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2004

Recommended Citation

"Camden Fire Ins v. KML Sales Inc" (2004). *2004 Decisions.* Paper 693.
http://digitalcommons.law.villanova.edu/thirdcircuit_2004/693

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2004 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 02-4114
_____

CAMDEN FIRE INSURANCE ASSOCIATION,

Appellant

v.

KML SALES, INC.; ROBERT KEICHER;
GERALD KEICHER; DONALD KEICHER;
HENRY KEICHER, t/d/b/a KEICHER BROS.

_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. No. 99-cv-00362)
District Judge:  Honorable Donetta W. Ambrose

_____

Submitted Under Third Circuit LAR 34.1(a)
April 1, 2004

Before:  ALITO, FISHER and ALDISERT, Circuit Judges.

(Filed May 19, 2004)
_____

OPINION OF THE COURT
_____

FISHER, Circuit Judge.

The Camden Fire Insurance Association ("Camden") appeals a district court order

which appointed an umpire to oversee an arbitration process.  The umpire was appointed

to decide between two estimates of the value of inventory destroyed by fire. This Court dismisses the appeal because the order that appointed the umpire was not a final, appealable order that would allow us to exercise jurisdiction.

On June 20, 1997, a fire caused the destruction of KML Sales, Inc.'s ("KML") inventory. KML was insured under a policy issued by Camden, and the policy contained an appraisal provision.[1] When the parties disagreed as to the replacement cost of the destroyed inventory, Camden requested that the parties resolve the dispute through the appraisal provision in the insurance contract. KML challenged the applicability of the appraisal provision. After a bench trial, the district court ordered that the dispute be resolved through the appraisal process on August 11, 2000. KML appealed the order, and this Court affirmed.

The appraisal process called for each party to select an appraiser. Together, the two appraisers would decide the replacement cost of the destroyed inventory. If the appraisers could not come to an agreement, the district court would appoint an umpire who would decide between the two appraisers' proposed replacement costs.

Each party selected an appraiser, and the appraisers could not reach an agreement. On October 29, 2002, KML filed a motion to appoint an umpire and submitted three individuals for the district court's consideration. The district court appointed one of those

---

[1] The parties both call this provision an "appraisal provision", but it is in fact a form of arbitration.

2

individuals as umpire on October 30, 2002. Camden immediately filed a motion to vacate the order and appoint a different umpire, and Camden submitted the names of three additional individuals. In a November 4, 2002 memorandum order, the district court (1) vacated the first order appointing the umpire, (2) stated that the court further considered the qualifications and impartiality of both parties' suggested umpires, and (3) reappointed the original umpire.

Camden claims that the district court's order that appointed an umpire is a final appealable order under 28 U.S.C. § 1291 because it "will fully resolve all claims presented to the district court" and "after the decision has been issued, there will be nothing further for the district court to do." Camden brief at 1, quoting *Aluminum Co. of America v. Beaver East, Inc.*, 124 F.3d 551, 557 (3d Cir. 2001) (citations omitted).

KML maintains that the instant order is not a final, appealable order, because the August 11, 2000 district court order requiring the dispute to be resolved through the appraisal process was the final order. KML asserts the disputed order at issue here is merely remedial and administrative.

This Court agrees. The order of the district court that appointed the umpire is not an appealable final order pursuant to 28 U.S.C. § 1291.

"A final decision is one which ends the litigation on the merits and leaves nothing for the Court to do but execute the judgment." *Catlin v. United States*, 324 U.S. 229, 233 (1945). Here, the final decision which ended the last round of litigation on its merits was

3

the decision to grant Camden specific performance on the insurance contract and send the dispute to appraisal. That decision was the final decision, it was appealed, and it was upheld by this Court.

"[A] final decision is one which disposes of the whole subject, gives all the relief which was contemplated, provides with reasonable completeness, for giving effect to the judgment and leaves nothing to be done in the cause save to superintend, *ministerially*, the execution of the decree." *Isidor Paiewonski Assocs., Inc. v. Sharp Properties, Inc.*, 998 F.2d 145, 150 (3d Cir. 1993) (citations omitted) (emphasis in original). "[I]n assessing the appealability of a post-judgment order, the appropriate inquiry is whether the order is more than simply administrative in that it affects the rights or creates liabilities not previously resolved by the adjudication on the merits." *Id.*

Camden originally came to court to enforce the insurance policy's appraisal process, and the district court did so. According to the insurance policy written by Camden, once the parties entered the appraisal process, they had the right to an umpire if the appraisers could not agree. When the appraisers did not reach an agreement, the district court acted within the appraisal process and appointed the umpire.

Camden is not without redress if it is unhappy with the outcome of the appraisal process. It could institute a separate proceeding in the district court to vacate the arbitration award on the basis of the umpire's alleged bias. See 9 U.S.C. § 10(a)(2);

4

*Green Tree Financial Corp. v. Randolph*, 531 U.S. 79, 86 (2000); *Aluminum Co. of America v. Beazer East Inc.*, 124 F.3d at 555-561.[2]

Accordingly, we will dismiss this appeal for lack of appellate jurisdiction.

_____

[2]This Court reviewed additional cases cited by the parties and finds them distinguishable. Both *Pacific Reinsurance Mgmt. v. Ohio Reinsurance Corp.*, 814 F.2d 1324 (9th Cir. 1987), and *Manze v. State Farm Ins. Co.*, 817 F.2d 1062 (3d Cir. 1987), compelled the parties to enter arbitration and appointed an umpire or arbitrator within the same order.

Here, there are two separate orders. The August 11, 2000 final order compelled arbitration. The November 4, 2002 administrative order at issue merely appointed the umpire.